SO ORDERED: May 14, 2012.



```
_____
James K. Coachys
United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WESLEY T. PENDER and | ) | Case No. 11-05714-JKC-7 |
| JULIE L. SCHARF, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| JEFFREY S. MILLER, PLATINUM | ) | |
| SOLUTIONS LTD., RAYMOND | ) | |
| FITZGERALD & ASSOCS., LTD., and | ) | |
| SCOTT FINANCIAL SERVICES, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 11-50292 |
| | ) | |
| WESLEY T. PENDER and | ) | |
| JULIE L. SCHARF, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter comes before the Court on three different summary judgment motions as to

Plaintiffs Jeffrey S. Miller, Platinum Solutions, Ltd., Raymond Fitzgerald & Associates, Ltd., and

Scott Financial Services, Ltd.'s (collectively, the "Plaintiffs") Complaint to Except from Discharge filed against Debtors/Defendants Wesley T. Pender and Julie L. Scharf (collectively, "Debtors"). In the first of these motions, Debtors argue that they are entitled to summary judgment in their favor against Plaintiff Jeffrey S. Miller ("Miller") based on the *res judicata* effect of a default judgment issued in a nondischargeability action associated with Debtors' prior bankruptcy case. In the second of the motions, Plaintiffs argue that they are entitled to summary judgment in their favor based on this same default judgment. In the third and final motion, Debtors seek summary judgment in their favor against Plaintiffs Platinum Solutions, Ltd., Raymond Fitzgerald & Associates, Ltd., and Scott Financial Services, Ltd. (collectively, the "Corporate Plaintiffs"), arguing that because the Corporate Plaintiffs have been defunct since at least 2006, they are now prohibited from pursuing claims under applicable nonbankruptcy law.

While each of the motions raises distinct arguments, the facts relevant to all three are substantially the same. Thus, the Court will consider all three motions together per these Findings of Fact and Conclusions of Law.

**Findings of Fact**

1.	Debtors previously filed a Chapter 7 bankruptcy petition on October 16, 2005, in the United States Bankruptcy Court for the Central District of Illinois under Case No. 05-78137 (the "Prior Case"). The Prior Case was assigned to the Honorable Mary P. Gorman.

2.	On November 9, 2005, the Plaintiffs filed a Complaint to Determine Dischargeability of a Debt in conjunction with the Prior Case under Adversary Proceeding No. 05-7224 (the

2

"Complaint").[1]

3. Debtors did not answer or otherwise respond to the Complaint.

4. On January 25, 2006, Plaintiffs filed an Application for Default against Debtors.

5. Judge Gorman conducted a "prove up" hearing on February 26, 2006. Debtors did not appear at the hearing.

6. Prior to that hearing, Miller voluntarily dismissed without prejudice Count II of the Complaint–the count in which he sought a nondischargeabilty judgment in his favor, personally. The one and only remaining count to the Complaint was brought in the name of the Corporate Plaintiffs.

7. At the hearing, the Corporate Plaintiffs presented evidence in favor of their claim. On February 27, 2006, Judge Gorman issued a judgment against Debtors in favor of the Corporate Plaintiffs under 11 U.S.C. § 523(a)(4), finding the subject debt to be excepted from discharge. Judge Gorman also issued a money judgment in favor of the Corporate Plaintiffs and against Debtor in the amount of $740,335.84 (the "Default Judgment"). Debtors' liability to the Corporate Plaintiffs under the Default Judgment was "joint and severable."

8. On or about March 8, 2006, Judge Gorman dismissed Debtors' bankruptcy case with a 180-day bar to refiling upon the Chapter 7 Trustee's motion.

9. On March 22, 2006, the adversary proceeding was closed.

10. Platinum Solutions, Ltd. ("Platinum") was involuntarily dissolved by the Illinois Secretary of State on October 1, 2005.

---

[1] At all times relevant to both the Complaint and the present action, Debtor/Defendant Wesley T. Pender was an officer and 50% owner of the Corporate Plaintiffs, as was Miller. Debtor/Defendant Julie L. Scharf worked as the office manager for the Corporate Plaintiffs.

11.     Scott Financial Services Ltd. ("Scott") had its corporate charter revoked by the Nevada Secretary of State on June 1, 2006.

12.     Raymond Fitzgerald & Associates, Ltd ("Raymond Fitzgerald") had its corporate charter revoked by the Nevada Secretary of State on July 1, 2006.

13.     On February 5, 2008, Platinum purported to assign all of its rights, title and interest in the Default Judgment to Miller by way of a Bill of Sale.[2]

14.     On August 18, 2011, Debtors filed a Chapter 7 petition in this Court under Case No. 11-05714. Their petition lists indebtedness to Miller and Platinum in the amount of $370,167.12. The remaining Corporate Plaintiffs are listed as creditors "for notice only."

15.     Plaintiffs filed a nondischargeabilty action against Debtors pursuant to 11 U.S.C. § 523(a)(4) under Adversary Pro. No. 11-50292 on August 18, 2011.

## Conclusions of Law

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b)(2)(I). This is a core proceedings pursuant to 28 U.S.C. § 157(b).

2.     Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct.

---

[2] In addition to the assignment from Platinum to Miller, Plaintiffs have designated an Order issued by the Circuit Court in Sangamon County, Illinois on July 28, 2008. The Order purports to assign one-half of both the Default Judgment and the underlying debt to Miller. It is not clear from the designated evidence what the nature of this lawsuit was, as it was brought by Miller against not just Debtors, but against Platinum as well.

2548, 2552, 91 L.Ed.2d 265 (1986).  With a motion for summary judgment, the burden rests on the moving party to demonstrate that there is an absence of evidence to support the nonmoving party's case.  *Id*. at 325, 106 S.Ct. at 2554.  After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment.  *Id.* at 324, 106 S.Ct. at 2553.  If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material question, then the court must enter summary judgment against it.  *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585-87 (1986)).

3. In the first summary judgment motion at issue, Debtors argue that Miller is estopped from seeking to except the subject indebtedness from discharge under 11 U.S.C. § 523(a)(4) because of the Default Judgment issued in Debtor's prior bankruptcy case in February of 2006.  The Court disagrees.

4. In making their argument, Debtors insist that by way of the Default Judgment, Judge Gorman affirmatively ruled against Miller on his nondischargeability claim against Debtors in their prior bankruptcy filing.  The evidence before the Court, however, does not support that argument. Prior to entry of the Default Judgment, Miller voluntarily dismissed his claim against Debtors without prejudice.  The Default Judgment offered no ruling–because a ruling was unnecessary–either in favor of Miller or against him.  As such, Miller is not estopped from now seeking to except Debtors' alleged indebtedness to him from the discharge by way of the present action.

5. For this reason, the Court denies Debtors' motion for summary judgment against Miller.

6.      In the second of the motions pending before the Court, Plaintiffs argue that they are entitled to summary judgment in their favor based on the *res judicata* effect of the Default Judgment. Again, the Court disagrees.

7.      The party asserting issue preclusion by reason of collateral estoppel has the burden of establishing its applicability. *Freeman United Coal Mining Co. v. Office of Workers' Compensation Program*, 20 F.3d 289, 294 (7th Cir.1994). Collateral estoppel refers to a judgment's effect of foreclosing litigation in a subsequent action involving those issues actually and necessarily decided in a prior suit. *Klingman v. Levinson*, 831 F.2d 1292, 1294 (7th Cir.1987); *Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 (7th Cir.1995); and *Adair v. Sherman*, 230 F.3d 890 (7th Cir.2000). It is a doctrine which protects litigants from the burden of re-litigating identical issues with the same party or privy, and promotes judicial economy by preventing unnecessary litigation. *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir.1994). The Supreme Court has held that collateral estoppel principles apply in proceedings seeking to bar bankruptcy discharge under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991).

8.      Federal courts must give full faith and credit to the collateral estoppel effects of state court judgments under state standards, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). However, in determining the preclusive effect of a prior federal judgment, as in this case, federal standards apply. *Havoco*, 58 F.3d at 307. As set forth in *Havoco* and other precedents, four requirements must be met for collateral estoppel to apply to a federal court judgment:  (1) the issue sought to be precluded must be the same as that involved in the prior action, (2) the issue must have been actually litigated, (3) the determination of the issue

6

must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action. *See also Klingman*, 831 F.2d at 1295; and *Adair*, 230 F.3d at 893.

9.  Default judgments are not generally given preclusive effect under the federal collateral estoppel doctrine because the usual default judgment cannot satisfy the "actually litigated" requirement. *Meyer*, 36 F.3d at 1379; *U.S. v. Bailey*, 957 F.2d 439, 443 (7th Cir.1992); *Grip–Pak, Inc. v. Ill. Tool Works, Inc.*, 694 F.2d 466, 469 (7th Cir.1982). However, when a defaulting party could reasonably have foreseen the conclusive effect of his action, collateral estoppel may apply to bar re-litigation of the issues resolved by the default judgment. *See Klingman*, 831 F.2d at 1296.

10. This exception to the general rule has been applied most frequently in instances where the defendant actively participated in the proceedings but took some action that prevented the matter from actually proceeding to trial. *See, e.g,. La Preferida, Inc. v. Cerveceria Modelo*, 914 F.2d 900, 906 (7th Cir.1990). *See also Wolstein v. Docteroff*, 133 F.3d 210, 215 (3d Cir.1997); *FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368 (9th Cir.1995); *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319, 1325 (11th Cir.1995); *In re Wien*, 155 B.R. 479 (Bankr.N.D.Ill.1993); and *Casey v. Transport Life Ins. Co.(In re Dorsey)*, 1993 WL 340928 (Bankr.N.D.Ill.1993). The foregoing precedents did not present typical default judgments in which defendants neglected or elected not to participate in the litigation in any way. Rather they were cases in which defendants participated actively and with full opportunities to present their cases, but then frustrated efforts to bring the cases to trial. Courts are reluctant to let such defendants get a second bite of the litigation apple. *See e.g. Bush*, 62 F.3d at 1325.

11. Here, the undisputed facts show that Debtors simply neglected or elected not to

7

participate in the prior nondischargeabilty action. There is nothing in the record to indicate that they actively participated in the adversary such that they should now be bound by the Default Judgment. There is evidence before the Court that Debtors were unaware of the prior nondischargeabilty action; that their then-counsel failed to update the Court when Debtors moved from their prior home in Illinois to Indiana, that counsel did not inform them of the nondischargeability action; and that Miller, despite knowing they had moved, did not inform the Court himself.

12. Based on the foregoing, the Corporate Plaintiffs are not entitled to use the Default Judgment to estop Debtors from litigating whether the subject indebtedness is excepted from discharge. Likewise, Miller– as Platinum's assignee–may not use the Default Judgment against Debtors either. The Court, therefore, denies Plaintiffs' motion for summary judgment.

13. That leaves Debtors' motion for summary judgment against the Corporate Plaintiffs. In it, Debtors argue that the long-since defunct Corporate Plaintiffs' claims against them are time-barred under applicable Illinois and Nevada law.

14. Debtors direct the Court to Illinois statute 805 ILCS 5/12.80, which states:

Survival of remedy after dissolution. The dissolution of a corporation either (1) by filing articles of dissolution in accordance with Section 12.20 of this Act, (2) by the issuance of a certificate of dissolution in accordance with Section 12.40 of this Act, (3) by a judgment of dissolution by a circuit court of this State, or (4) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceedings thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

15. The Nevada statute at issue, Nevada Statute 78.585, is similar in effect but limits the time period in which a dissolved corporation must act to two years.

16.	In response to Debtors' argument, the Corporate Plaintiffs insist that they are merely attempting to enforce the Default Judgment, which was obtained by way of an action commenced within the time period allowed by Illinois and Nevada law.[3]

17.	Having already determined that the Default Judgment is not entitled to preclusive effect, however, the Corporate Plaintiffs–if they are to prevail–can only do so pursuant to a "new" claim under § 523.  In the Court's view, their nondischargeability claims against Debtors are time-barred by Illinois and Nevada state law as untimely.

18.	In conclusion, the Court denies Debtors' summary judgment motion against Miller and the Plaintiffs' summary judgment motion against Debtor.  The Court grants Debtors' summary judgment motion against the Corporate Plaintiffs.  It appears to the Court that the only surviving claim is Miller's claim against Debtors.

19.	The Court will issue a Judgment Order consistent with the above Findings of Fact and Conclusions of Law contemporaneously herewith.  The Court will issues a notice in the near future scheduling this matter for either trial or a pre-trial conference.

###

Distribution:

Scott C. Andrews
Nathan W. Gooden

---

[3] The prior nondischargeabilty action was commenced on November 9, 2005, approximately one month after Platinum was involuntary dissolved and prior to the revocation of either Scott or Raymond Fitzgerald.